## A. GILLISSE *v* R. G. and S. B. GIBSON.

Where one member of a firm took a note from a customer payable to himself individually, but the note was credited on the customer's account in the books of the firm fifteen months

GILLISSE
*v.*
GIBSON.

before the death of the partner to whom it was made payable, it will be considered, not as belonging to the heirs of the deceased partner, but as partnership property, and the liquidating partner has the right to sue for and collect the same.

APPEAL from the District Court of Concordia. *Stacey* and *Sparrow*, for plaintiff. *Shaw* and *York*, for defendants. The judgment of the court was pronounced by

ROST, J. This is a suit by the liquidating partner of the commercial firm of *A. S. Barr & Co.* upon a note subscribed by the defendants to the order of *A. S. Barr*, since deceased.

The defence is, that the plaintiff has no right to receive payment of the note, and that it belongs to the legal representatives of *Barr*. There was judgment against the plaintiff as of non-suit, and he appealed.

It is proved that this note, although made in favor of *Barr* alone, was entered on the books of the firm as a credit to the defendants, who were in the habit of dealing with the firm, and were at the time indebted to it. This entry of the note in the books as a partnership asset was made sixteen months before the death of *Barr*, and must be presumed to have been made, if not by *Barr* himself, at least with his knowledge and consent. We are of opinion that this long acquiescence on his part sufficiently establishes the title of the partnership to the note, and that the legal representatives of *Barr* could not now claim it as his property.

For the reasons assigned, it is ordered that the judgment in this case be reversed. It is further ordered, that the plaintiff, in his capacity of liquidator of the firm of *A. S Barr & Co.*, recover from the defendants the sum of $734 02, with interest at the rate of eight per cent per annum from the 1st of March, 1848, till paid, and costs in both courts.